The opinion of the court was delivered by
Gibson, J.
The only way in which the amendment prayed for could be permitted would be, by considering the lien as still existing, on the ground that the omission to enter fho s;ay of execution on the ducket, was a misprison of the clerk, in mere matter of form: in which case, the amendment, if grantable, would be useless. But *97 clearly we cannot deprive subsequent judgment creditors or mortgagees, of any legal advantage which they may have obtained. It is settled, that a judgment creditor can avail himself of the expiration of the lien, whenever the land would be discharged in the hands of the purchaser.
Now, what information of the duration of the lien beyond the five years from the date of the judgment, could be obtained by a purchaser from the face of the docket, I am at a loss to discover.
The warrant of attorney, which contains the stipulation for a stay of execution, was filed in the-office, but there is neither a direct reference to it, nor any thing else to put a party on inquiry, or to induce him to search further. The act does not require, either the bond or warrant to be filed, and a purchaser is, therefore, not bound to suppose, that either is actually filed. But I am not prepared tó say, he would be prejudiced, even if there was a reference to a paper containing the terms on which the judgment was given.
It is going far enough for the creditor to decide, that his judgment may be extended beyond the time limited by the letter of the act, where the cesset appears palpably plain on the record, and where there can be no possibility of danger to a purchaser.
In Pennock v. Hart, we carried the construction thus far, to fulfil what we were persuaded was the actual intention of the legislature^ although not expressed in the act.
There the terms of the cesset were spread on the docket, and it was impossible that a purchaser, or any one else, could be injured or deceived by supposing that the judgment was discharged. Further than this I am not disposed to go, as it would lead to injustice. Helvete and Rapp is entirely consistent with this doctrine ; for there the judgment was not held good by relation to the bond, which was filed, but the entry on, the record itself, contained the substance of the bond, as well as the substantial requisites of a judgment. The dispute was, as to the effect of the entry as it stood, and as t^e defect was entirely in- matter of form, it was held, that it should not prejudice the judgment creditor; the entry being sufficient to put a purchaser on his guard. We are of opinion that the amendment be disallowed.
Motions denied.