The opinion of the court was delivered by
Tilghman, C. J.
This case depends on the act of the 4th of Jlpril, 1798, by which the lien of judgments on lands is limited to five years. The facts are as follows: [The Chief Justice here stated the facts, and the opinion of the court below.] In both these opinions of the Court of Common Pleas, I think there was error.
1. The act of the 4th of Jlpril, 1798, is entitled, “An act limiting the time during which judgments shall be a lien on real estates,” &c., and, in the case of The Bank of North America v. Fitzsimons, 3 Binn. 358, it is considered as of the nature of an act of limitations. Its words are clear and positive, that “ no judgment shall continue a lien on the real estate of the person against whom such judgment shall be entered, during a longer period than five years from the first return day of the term of which such judgment may be entered,” unless revived in the manner prescribed in that act. It was decided by this court, in Pennock, &c. v. Hart, 8 Serg. & Rawle, 369, that where the judgment was entered with a stay of execution, on record, the five years should run only from the time when the stay of execution expired. But it was not our opinion, that any regard should be paid to a stay of execution agreed on by the parties, but not appearing on record. Such a construction would be a departure both from the letter and spirit of the law. It has always been the policy of our law, to facilitate the sale and transfer of real estate, to which liens were found to be a considerable impediment. In pursuance of this policy, the act in question was made, to which we gave a liberal construction in The Bank of North America v. Fitzsimons, by deciding .that judgment creditors stand upon the same footing as purchasers. .The record is to be looked to, and the commencement of the five years determined from that alone. Now, in the case before us, all that appeared on the record, was the entry of the judgment on a *256 certain day, without any mention of the condition of the bond. Its real intent was a secret, known only to the parties. If people will hang out false colours,'they must take the consequences. Between themselves, it is all very fair that their agreement, however secret, should be carried into execution. But it would be most' unreasonable, to involve strangers in the difficulty and peril of searching beyond the record.*
2. Neither is it against equity, that a purchaser should insist on counting the five years from the date of the judgment, although he was informed, before he made the purchase, that by the condition of the bond, or a private agreement of the parties, execution could not be issued on the judgment until a time less than five years before his purchase. His conscience was not burthened with circumstances of that kind. He saw, that by the plain enactment of the law, the land of Bower was discharged from the lien of the plaintiff’s judgment. He was no way concerned in the transactions of the parties to that judgment. He had received no consideration, nor entered into any engagement with either of them, which should preclude him from taking advantage of the law. The case is not similar to those which have arisen on the registering acts, where it has been decided, that although the statute declares that a deed shall be of no effect, unless registered within a certain time, yet equity will support it, against a subsequent purchaser who had notice of the unregistered deed. It was thought to be against good conscience, thus voluntarily to step in and assist the vendor in defrauding the careless vendee, who had neglected to put his deed on record. In the present case, the plaintiff had paid no money for his lien. It was a legal advantage, which he had gained by compulsion. The law gave him the lien, and the law deprived him of it. A subsequent purchaser, therefore, might with good conscience insist on the law. I will add, that'this liberty which courts of chancery have taken with statutes, in contradicting, and almost annihilating their provisions, has introduced great uncertainty, and would not be carried so far, since our experience of its inconvenience, if our steps could be retraced, without shaking the foundations of property. But repeated decisions become a rule of property, which cannot be departed from, without doing a greater mischief than that which it is intended to remedy. As respects the act of assembly which we are now to construe, we are fettered with no decisions which militate with its provisions. It is best, therefore, to adhere to a construction which shall effectuate its plain intent, and not say, that it is against conscience for a purchaser to govern himself by the law as he sees it written. I am of opinion that the judgment should be reversed, and ayenire de novo awarded.
Judgment reversed, and a venire facias de novo awarded.

 On-this point, see Black v. Hobson, 11 Serg. & Rawle, 94.