## M'Cleary's Appeal.

An amicable *scire facias post annum et diem*, in order to its validity, must be docketed: it is not sufficient that it be filed among the papers of the original judgment, and noted upon the docket entry of it.

APPEAL from the decree of the Common Pleas of *Adams* county, distributing the proceeds of the sale of the real estate of Joseph M'Cleary.

The real estate of Joseph M'Cleary was sold upon a judgment and execution at the suit of Blythe and Johnston.

It was admitted, when this matter was submitted to the court, that the plaintiffs were entitled to the moneys raised on their execution, unless the judgment of John M'Cleary v. Joseph M'Cleary, of August Term 1832, No. 65, had been revived so as to continue its original lien.

Intending to revive that judgment, the parties to it made and delivered to the prothonotary of the court a paper, of which the following is a copy, viz:

John M'Cleary ⎫ In the Court of Common Pleas of Adams
    *v.*          ⎬ county, of August Term, 1832. No. 65.
Joseph M'Cleary. ⎭

[M'Cleary's Appeal.]

Enter amicable *scire facias* to revive judgment *post annum et diem* in this case.

JOSEPH M'CLEARY,
JOHN M'CLEARY.

To B. GILBERT,
　　*Prothonotary of Adams county.*

I agree to the above amicable *scire facias* to revive judgment, and confess judgment on the same ——, that being the debt and interest, and authorize and empower the prothonotary of Adams county to enter the same against —— in favour of the plaintiff, which is to have the same effect in law as if a *scire facias* had issued out of said court for that purpose, hereby releasing all errors. Witness my hand and seal this 24th day of April 1837.

(Signed)　　　　　JOSEPH M'CLEARY. [SEAL].
Witness.—WM. J. SEABROOKS, and
　　JACOB HOKE.

On receiving the paper, the prothonotary made thereon the following endorsement : "No. 128, January Term, 1837, John M'Cleary *v.* Joseph M'Cleary, amicable *scire facias* to revive judgment, entered 24th April 1837."

Below the record of the original judgment the prothonotary made the following entry on the docket : "Amicable *scire facias* to January Term, 1837, No. 128." There was no suit docketed, no judgment entered by the prothonotary, nor were there any further proceedings had whatever.

The court below, (Durkee, President) was of opinion that the judgment of John M'Cleary was not revived according to law, and that the lien was gone, and therefore decreed the money to the judgment of Blythe and Johnston.

*Stevens,* for plaintiff in error, cited 17 *Serg. & Rawle* 123.

*M'Clean* and *Reed,* for defendant in error, cited 8 *Serg. & Rawle* 378 ; 11 *Serg. & Rawle* 94 ; 1 *Penn. Rep.* 71 ; 3 *Rawle* 13.

PER CURIAM.—Papers in the cases of a prothonotary's office, are not notice to a purchaser, unless reference is made to them on the docket ; and they are of course not notice to judgment creditors who are put by the statute which limits the lien of judgments on the same footing. Here, the reference from the entry of the original action to the imaginary entry of an amicable *scire facias,* which was in fact not docketed, could lead to nothing. Beside, the record notice contemplated by the act, ought to appear among the docket entries of the preceding five years ; for to keep the minutes of each consecutive *scire facias,* or act of revival, as a part of the original suit, is not sufficient, because a pur-

chaser would not be so apt to find them there as in their proper place. That the agreement for an amicable *scire facias* and judgment is not itself notice, is a consequence of *Black* v. *Dobson*, (11 *Serg. & Rawle* 94) in which a *cesset* which had not been placed upon the docket, was not allowed to hinder the limitation of the lien from beginning to run.

                                                        Decree affirmed.