## HANCE'S APPEAL.

1. A judgment creditor may be prejudiced by an entry in the judgment docket of less than the amount recovered, yet he cannot be benefitted by an entry of more than is due. So far as regards him, the entry in the appearance docket must govern.
2. A subsequent purchaser, or judgment creditor, is not bound to look beyond the judgment docket, but he may do so to correct a mistaken entry.
3. A judgment for $6000 on a bond, conditioned for the payment of $3000, in annual instalments of $500, was entered against A. by B., on the 8th June, 1837. Another judgment was obtained against A. by C., in 1840 ; and another by D. in the same year. In 1841, B. issued sci. fa. " to revive the instalments due," and qu. ex. non, on which there was judgment for $405 on the appearance docket, and an entry in the lien docket of judgment for $6000. On the 16th Nov. 1842, B. issued sci. fa. on the judgment of 1841, " to assess balance, &c.," being the three last instalments, on which there was judgment for $2086: *Held*, that as against the judgments, of C. and D., the judgment of B. for $2086 had no priority of lien, and was to be postponed to them.

This was an appeal by Hance, who was the administrator of W. J. Richards, from the decree of the Court of Common Pleas of Venango county, distributing the proceeds of the sale of the real estate of William S. Smullen. The opinion of the court below, which contains a full statement of the facts, was delivered by Church, President.

" From the report of the auditor, it appears that on the 8th of June, 1837, Andrew Hance, administrator of William J. Richards, deceased, obtained a judgment in this court against William S. Smullen, for penalty of $6000. Real debt $3000, payable by instalments of $500 annually, from the 1st of November, 1836, with interest from the 2d of June, 1836, and with authority to issue executions for each instalment as it should become due. This judgment was entered in what is called the lien or judgment docket, as one for $600 only. This entry is not dated, nor does it appear when it was made. On the 8th of April, 1841, the plaintiff issued a sci. fa. post annum, to revive [as it is expressed by plaintiff in his præcipe] the instalments which fell due respectively the 1st Nov., 1838 and 1839, 'quare executio non, &c.' entered to April term, 1841, No. 28. The form of this sci. fa. is for the whole original judgment of $3000, but the docket entry of the judgment upon it is thus : ' June 3d, 1841. The plaintiff by his attorney enters judgment by default in this case, for the balance due to be liquidated by the prothonotary, after deducting the payment of $1300 on the original judgment, as claimed by the affidavit of defence, which credit of $1300 is admitted.' Then follows, ' Amount liquidated at $405 73 and costs.' This is signed by the prothonotary, and made in pursuance of a statement and calcu-

lation made out and filed by plaintiff's attorney, claiming a liquidation of that amount. This judgment seems to have been carried to and entered upon a docket, claimed also as a judgment or lien docket, in the same form as before referred to, as a judgment for $6000, $3000 R. D., which was undoubtedly intended to mean $6000 penalty, and $3000 real debt. This entry, we learn from the testimony of the deputy prothonotary, who made the entries in the lien docket as this is claimed to be, was not made until after the first of August, 1842; or rather that this docket was not kept, or had no existence in this county until after this time, so far as this entry is concerned. On the 16th of November, 1842, the plaintiff issued a sci. fa. on this latter judgment, as appears from his præcipe, to assess and liquidate the balance of the debt, being the three last instalments due with interest and costs, entered to November term, 1842, No. 83. On the 1st of Dec., 1842, judgment was obtained on motion, by default, to be liquidated by the prothonotary, and, on the 7th Dec., 1842, judgment was liquidated at $2086 25. On the 22d August, 1840, M. McCullough and Co. obtained a judgment against William S. Smullen for $549 31, entered to August term, 1840, No. 20. On the 29th of Sept., 1840, Leonard Semple & Co., for use, &c., obtained an award of arbitrators against William S. Smullen for $475 39, entered to August term, 1840, No. 19; from which award defendant appealed, and on the 26th day of August, 1831, confessed judgment to plaintiff for $500 01 and costs, with interest from the 31st of Aug., 1841. Upon this last judgment it appears the money now in court has been made by a second plu. vend. ex. to February term, 1844, No. 29.

" We have now before us, we believe, all the material facts essential to a proper understanding of the question to be determined, and they have been arrived at with no little difficulty, arising from the very confused manner in which the auditor has presented his report of the facts.

" The balance of the judgment of Hance, administrator of Richards, v. Smullen, which remains unpaid, amounting originally to $3000, being oldest in time, is entitled to a preference over all other judgments, unless it has lost its lien on the real estate sold, by lapse of time of five years, without having been revived. The laws relating to liens, place subsequent or younger judgment creditors in the same situation as bonâ fide subsequent purchasers would be, and very properly so. After the entry of the opposing judgments, and prior to the lapse of five years from the entry of this one of Richards' administrator, a scire facias was issued on it, to revive two instalments of it, which was done, liquidated, and regularly docketed at $405 73; and nothing

said as to the balance, or whether any balance remained or was claimed by the plaintiff; but every reasonable inference from the docket entry would be, that there was no balance. Then, applying the very correct principles laid down by the Supreme Court in the case of Crutcher v. The Commonwealth, 6 Wharton, 340, and of McCleary's Appeal, 1 Watts & Serg. 299, there would be no difficulty in the question, and the judgment of Hance's administrator could only be preferred to the amount of $405 73 and costs, with interest from the 3d of June, 1841. The plaintiff in this case claims, however, that the lien or judgment is for the whole amount. This lien docket, as it is called, being without any date, as to the time the entries are made in it, and not bearing on its face very clear ideas of a lien or judgment docket, according to the act of 29th March, 1829, (Purd. Dig. 906, 907,) the court receive and consider the evidence contained in the report given by the deputy prothonotary, J. H. Shannon, to prove, and which does show clearly, that, so far as those judgments are concerned, there was no lien or judgment docket kept in the office, nor any entries, such as are here presented, made until August, 1842, which is subsequent to the expiration of five years from the first rendition of the judgment, to wit, the 8th of June, 1837. This leaves the matter, then, under the act of the 3d of April, 1843, (Pamph. Laws, 127,) as an omission of the prothonotary to make the proper entries in the lien or judgment docket; consequently, the appearance docket is the one which contains the lien effective here: that showing, as it does, a judgment but for $405 75 and costs, with interest from the 3d of June, 1841, that amount is all of this judgment which can be preferred, all which had not lost its lien when it was revived in No. 83, of November term, 1842, on 1st December, 1842. This conclusion may operate hard upon the plaintiff in this judgment; but, in reviewing the whole case and the law applicable to it, nothing can be clearer than that such is the law. The plaintiff has objected to our receiving or considering the evidence of the deputy prothonotary, as to the time a lien docket was kept in this county, or when the entries were made therein. Viewing the subject, however, as we have, not as altering or supplying our record by parol, in the sense claimed or alleged by plaintiff, we have considered that for the purpose for which it was offered and produced by the counsel of the junior judgment creditors, it was proper evidence. And, even if we had not, there is sufficient internal evidence on the docket and entry itself, taken, as it must be, in connection with the judgment on the appearance docket, to destroy its validity as a lien docket; or rather to show that it never had any, as such, under the act of 29th March, 1829, by virtue of which, such dockets were authorized and

required to be kept. It must be borne in mind, however, that we give no opinion of the court upon this part of the question, as it has not been deemed necessary by a majority of the judges. It seems pretty clear, that the plaintiff considered that the lien of his judgment was continued, or that it was revived in No. 28, of April term, 1841: the papers on file would seem to indicate it, but the docket entry, which is the record for this purpose, does not, and this must govern here.

" The court decree distribution of the money as follows:

" 1. To the judgment of Hance, administrator of Richards, No. 28, of April term, 1841, the amount of $405 73, with interest from the 3d of June, 1841.

" 2. To the judgment in favour of M. McCullough & Co., for the use, &c., No. 20, August term, 1840, to the amount of $549 31, with interest from the 22d of August, 1840, with costs: being the full amount of this judgment, interest, and costs.

" 3. To the judgment in favour of Leonard Semple & Co., for use, &c., No. 19, of August term, 1840, to the amount of $500 01, with interest from the 31st of August, 1841, and costs: being the full amount of the judgment, interest, and costs.

" 4. To the judgment in favour of Hance, administrator of Richards, No. 83, of November term, 1842, the balance remaining to be applied towards the satisfaction of the judgment, interest, and costs, as the same appears of record in the appearance docket, viz., $2086 25, with interest from the 7th of December, 1842, and costs."

To this decree the appellant assigned for error in this court, that

The court erred in not decreeing all the money to Hance's judgment.

*Biddle*, for appellant.

*Howe* and *Pearson*, for appellees.

The opinion of the court was delivered by ROGERS, J.

The facts are clearly stated, and the law accurately explained. Little need be added to the reasoning of the court.

The act of the 27th of March, 1837, made it the duty of the prothonotary to keep a docket, to be called the judgment docket, in which no case shall be entered until after there shall have been a judgment or award of arbitrators, and into which shall be copied the entry of every judgment and every award of arbitrators immediately after the same shall have been entered; which entries are directed to be so made, that one shall follow the other in the order of time in which the judgments

and awards shall have been rendered, &c.; and the entries, in each case in the judgment docket, shall particularly state the names of the parties, the term and number of the case, and the date, and, in case the judgment shall be for a sum certain, the amount of the judgment, or award. It is, undoubtedly, intended that the entry in the judgment docket should immediately succeed the entry in the appearance docket; and it would, certainly, be better to note the date of its entry, but this is discretionary, and the omission to do so will not vitiate the judgment. The presumption is, it is entered in due and proper time. The entry in the judgment docket, be it observed, is but a transcript of the appearance docket, directed to be made immediately after the judgment or award shall have been entered in the docket. A judgment creditor may be prejudiced, as is ruled in Crutcher v. The Commonwealth, 6 Wharton, 340, and in McCleary's Appeal, 1 Watts & Serg. 299, by an entry in the judgment docket of less than the amount recovered, yet he cannot be benefited by an entry of more than is due. For so far as regards him, particularly when strangers are interested, the entry in the appearance docket must govern. A subsequent purchaser, or a judgment creditor is not *bound* to look beyond the judgment docket; but he *may* do so to correct a mistaken entry. If this entry in the judgment docket had been for $6000, it would not better the plaintiff's situation; because the entry in the appearance docket, of which this is but a transcript, was for $405 73 only. The claim is liquidated at that sum, and the plaintiff cannot in any event go beyond it. We concur with the court, it was a lien for that amount only.

Decree affirmed.