The opinion of the court was delivered by
Rogers, J.
The precise question, raised in this case, has not heretofore been the subject of judicial investigation, — whether an amicable agreement to revive a judgment duly entered on the docket within five years, is a sufficient judgment of revival, as well against a subsequent mortgagee, as against the defendant in the judgment. The facts are fully set forth in the case stated. A dictum of one of the Presidents of the Courts of Common Pleas, in .relation to the construction of the act of the 4th of April, 1798, caused some alarm in the state, as the practice had prevailed to revive judgments by amicable action; and it was understood that a considerable amount of property depended on the regularity of the proceeding. Undoubtedly, as between the parties themselves, an- amicable action continues the lien; for a defendant has a right to waive a scire facias and confess judgment, to avoid the expense and trouble of an adverse suit, and this independently of the act passed at the last session of the legislature. Although the preamble Of the act speaks only of purchasers of real estate, yet it has been held in The Bank of North America v. Fitzsimons, 3 Binn. 342, that a judgment, not revived by scire.facias, within five years from its date, ceases to be a lien on real estate, as well against subsequent judgment creditors, as against subsequent purchasers. In the case in Binney, no scire facias was ever issued, nor even any steps taken to continue the lien of the judgment. It would be too much to insist, thát-when an amicable action had been entered, and judgment obtained, it could be treated so far a nullity, as to let in subsequent purchasers, or. judgment creditors, or mortgagees. It would be contrary to the equity and intent of the statute; for they would not be within its protection, which was intended to prevent the risk and inconveni *126 ence to purchasers of real estate, by suffering judgments to remain, for an indefinite length of time, without any process to continue or revive.the same. The object of the act is to give notice of the- existence of the debt, which is as effectually done by an amicable action, as by a strict pursuance of the direction of the statute. If this be so, the judgments mesne, between the original judgment and revival, are in no better situation. They do not give credit to the defendant, on the faith of their being no lien against him. On the contrary, they are well aware that such liens exist. The act is not intended to protect their rights, but they are left to their remedy at common law. If judgments are kept ón foot, by fraud or collusion, the remedy is open .to creditors, by application to the court, who, on proper proof, will openjhe judgments, and let the creditors into a defencé. That purchásers were principally in the view of the legislature, appears as well from the preamble as the third section, which directs service of the writ on the debtor or his representatives, and on the terre-tenant, a person occupying the real estate bound by the judgment. It does not extend to a judgment creditor or mortgagee, who are not in the actual possession of the premises, as it,was intended for the special.benefit óf the alienee, giving him an opportunity, on the scire facias, of investigating the claim, and showing the judgment invalid or paid.- It has been contended, that a mortgagee stands in the situation of the terre-tenant, and is entitled to notice.. This has neither been practiced, nor does it, in my opinion, come within the words or spirit of .the act. A mortgage is a mere security for á debt, and the mortgagee, so far' as respects this question, is in no better situation than judgment creditors. ; , • . .
Report confirmed.