[CHAMBERSBURG, NOVEMBER 1, 1828.]

## RAMSEY *against* LINN, Executor of FLEMING.

### IN ERROR.

A judgment confessed on an amicable *Scire Facias* on a former judgment, is a
valid lien against subsequent encumbrancers, though the original judgment did
not legally exist.

WRIT of error to the Court of Common Pleas of *Cumberland*
county.

The plaintiff in error was plaintiff below in an amicable action,
to try the right to a sum of money raised by a sheriff's sale of land,
situate in *Perry* county, on a *testatum* execution from *Cumber-
land* county. The question was as to priority of lien. The facts,
which by agreement were stated, and to be considered as if found
by special verdict, in substance were:—

*Perry* county was erected out of *Cumberland;* the division to
take effect on the 1st of *September,* 1820. After that day, viz. on
the 4th of *October,* 1820, an action of debt was commenced in
*Cumberland* county, by *Fleming,* the defendant's testator, against
*Jacob Fritz,* the owner of the land in question. The suit was by
summons. The writ was returned by the sheriff, "served;" and
judgment at the *January* court following, was entered against
*Fritz,* by default. This judgment was afterwards revived by *Scire
Facias;* and upon it a *Testatum Fieri Facias* was issued to *Perry*
county, and entered on the records of that county on the 25th of
*May,* 1825, and levied upon this land of *Fritz,* which, upon a
*Testatum Venditioni Exponas,* was afterwards sold for six hun-
dred and fifty-two dollars, the money in question.

It happened, that the record of the suit of *Fleming* against *Fritz,*
with the statement and papers, was transmitted to *Perry* county,
entered on the record of that county, and at their first Court of Com-
mon Pleas, viz. on the 31st of *January,* 1821, there was this entry
made by the court: *Judgment entered in Cumberland county.*
Upon this judgment, or supposed judgment, thus transmitted, and
thus existing, or supposed to exist in *Perry* county, an amicable
*Scire Facias* was agreed to, and signed by *Fritz,* witnessed by
*James Hamilton* and *William Ramsey,* the plaintiff in error, and

(Ramsey *v.* Linn, Executor of Fleming.)

filed in the court of *Perry* county on the 1st of *March*, 1824, as follows:—

" *James Fleming*    "Amicable *Scire Facias post annum et diem*, to revive a judgment, No. 108, *November* Term, 1820, on the docket of the Court of Common Pleas of *Perry* county.   I agree to appear to this amicable *Scire Facias*, and consent that the same be entered of record as of *February* Term, 1824, and confess judgment to the plaintiff, for the sum of seven hundred and ninety-three dollars and seventeen cents, with interest from the 13th of *September*, 1820.  All payments subsequent to the said 13th of *September*, 1820, to be hereafter allowed.  Witness my hand and seal, the 5th of *February*, 1824.

*v.*
*Jacob Fritz.*

"*Jacob Fritz.* [SEAL.]

"Attest,   { *James Hamilton*,   { *William Ramsey.*"

The claim of *Ramsey*, the plaintiff in error, to the money, or part of it, was founded on a mortgage of the same land, by *Jacob Fritz*, to him, executed the 30th of *October*, 1824, to secure a debt of three hundred and eighty-four dollars, due by single bill.  The mortgage was duly recorded on the day of its date.  The court below gave judgment for the defendant.

*Ramsey* and *Watts*, for the plaintiff in error.—It is a matter too plain for argument, that the judgment in *Cumberland* county, on a suit commenced on the 4th of *October*, 1820, could create no lien on lands in *Perry* county.  The original judgment was never transferred to *Perry* county, nor could it be by law.  It was never entered in *Perry* county regularly, or otherwise.  Thus, the first lien of *Fleming's* judgment on the land in question, was by the levy on the *Testatum Fieri Facias*, which was after the mortgage to the plaintiff in error.  The judgment by confession on the amicable *Scire Facias*, was a mere nullity.  No such former judgment existed as described in that *Scire Facias.*  The subsequent proceedings of the defendant in error show, that he, himself, considered the *Scire Facias* in *Perry* county as a mere nullity.  The Court of Common Pleas of *Perry* county had no jurisdiction, or power to take cognisance of a *Scire Facias* on a judgment in *Cumberland.* It is a rule of law, without exception, that a *Scire Facias* on a judgment, shall issue out of that court only in which the judgment was rendered, and in the same county.  It is but a continuation of the original suit. 2 *Tidd. Prac.* 983, 1007. 2 *Saund.* 72.  *Whart. Dig.* 363, No. 40.  *Penn* v. *Kline*, 1 *Peters's Rep.* 446.  Consent cannot give jurisdiction.  The amicable suit was of no more avail than if it had been by adversary process.  Here, if there might be a *Scire Facias* legally brought in one distant county, there might be many others entered in other counties by the same reason.  If this can be tolerated, the confusion and injustice which must be produced by

(Ramsey *v.* Linn, Executor of Fleming.)

the practice, may be easily foreseen. The judgment by confession in *Perry* county, was not noticed. It was mere deception, for it pretended on the face of it, to be founded on a record of the court, which record could not be found, and which, in fact, never existed. As to the notice to *Ramsey,* by subscribing as a witness, the law is as clear, that he is bound by no such signature, as the fact is, that he knew nothing of the contents of the paper.

The counsel who was to have argued on the other side, was stopped by the court.

The opinion of the court was delivered by

Tod, J.—I throw out of the case the fact of *Ramsey* having, eight months previous to his mortgage, subscribed as one of the witnesses to the confession of judgment by *Fritz* in favour of *Fleming.* He certainly ought not to be held bound to inquire into, and remember the contents of a paper, which he was accidentally called upon to attest as a witness. By the way, I do not admit, that the most perfect knowledge of the judgment would have made it good against *Ramsey,* if void otherwise. As to priority of lien, we take it to be clear, that the judgment in *Cumberland* county did not bind the land in *Perry.* The levy on the *Testatum Fieri Facias* from *Cumberland* county would have bound the land, but it was subsequent to the plaintiff's mortgage. Therefore, unless the defendant's claim is supported, by the amicable *Scire Facias* in *Perry* county, it must fail altogether. The judgment upon it was some months prior to the plaintiff's mortgage. It would appear, from the proceedings, that the amicable *Scire Facias* has been almost abandoned, and condemned by the defendant in error himself. Yet, we hold it to be the first lien, and entitled to the money. If, instead of amicable confession, that judgment of revival in *Perry* county had been by default, on adversary process by writ, perhaps it would have been absolutely void; because, the rule of the common law clearly is, that a *Scire Facias* issues out of that court only in which the record of the judgment remains; and here the record and papers, though transferred in fact, were not legally transferred to *Perry* county. Perhaps there are some exceptions to this rule in *Pennsylvania,* by reason of inconveniences which could not exist in *England,* where the jurisdiction of the superior courts extends throughout the kingdom, and where the creation of new counties has been unusual. But, however that may be, it seems very clear, that all the parties interested, may lawfully agree to confirm an invalid transcript, or nugatory judgment, provided the confirmation is to be efficacious, and give a lien only from the time of the agreement properly appearing. We are all of opinion, that though there was legally no such record as mentioned in the amicable *Scire Facias,* in *Perry* county, yet the defendant, *Fritz,* was estopped by his confession. He admits the validity of the record, and such admission by him, if *bona fide,* is conclusive against all claiming

(Ramsey *v.* Linn, Executor of Fleming.)

under him by title, subsequent to the confession. Such a confession of judgment, in every amicable action, admits the issuing of a writ, though in fact, such writ never existed. We concur throughout in the opinion of the court below.

Judgment affirmed.