## REED AND FOSTER'S APPEAL.

A confession of judgment of revival by agreement signed by defendant alone, is valid as against his creditors.

And so if it be done in an amicable *sci. fa.*, where the plaintiff is the party to whose use the original judgments were brought, and they are merely referred to by term and number.

An amicable *sci. fa.* by A. *v.* B., and an agreement referring by term and number to several judgments by A. *v.* B., and by third persons to A.'s use against B., and judgment confessed thereon, is a sufficient compliance with the act relating to revivals by agreement.

And where such consolidated judgment was included in a similar agreement, with several other original judgments, and one judgment confessed for the whole, that judgment is also sufficient to revive the liens.

FROM the Common Pleas of Westmoreland.

*Oct.* 19. In 1845 the real estate of McVey was sold by the sheriff, and the question in the cause arose on the distribution of the proceeds. In 1834–5, several judgments had been obtained against McVey. In 1838 seven of these judgments, some of which had been obtained by Welty, and some by third persons to his use, were revived by an amicable *scire facias*, in which Welty was plaintiff. The agreement for the entry of the revived judgment was signed by defendant alone, and referred to the original judgments by their terms and numbers; and judgment of revival was therefore entered by confession, a calculation of the amount being filed and referred to. This revived judgment was again included in an amicable *sci. fa.* to revive, and was referred to by its term and number; and several other original judgments being included, the whole were again revived by agreement and confession of one judgment. Nine other similar judgments were revived by a like agreement in 1840. In 1843, five more were revived in the same manner, the agreement being signed by both parties.

The auditor awarded the fund to these judgments. The appellants held some judgments older than some of those to which the fund had been awarded, but more than five years had elapsed between their rendition and the issuing of their *sci. fa.*

*Armstrong* and *Foster*, for appellant.—The joinder of several judgments in an amicable *sci. fa.* was irregular, and the lien lost: nor was there any agreement for revival, but a mere confession of judgment by the defendant. And the act of 1827 requires the paper to be signed by the *parties.*

There is another defect; one of the agreements does not refer to or recite the original judgments, but merely the revived judg-

ment, which itself consolidated several others: Arrison v. Commonwealth, 1 Watts, 374; Wood v. Reynolds, 7 Watts & Serg. 406; McCleary's Appeal, 1 Watts & Serg. 299.

*Rubins*, contrà.—The intention was to provide notice, and that has been done—each revival referring to the term and number of the judgments which were included in it: Ramsey v. Linn, 2 Rawle, 229; Dougherty's Estate, 9 Watts & Serg. 189; Lesher v. Gillingham, 17 Serg. & Rawle, 125; McCleary's Appeal, 1 Watts & Serg. 299. The signature of the defendant, and the action thereupon by the plaintiff, is a full compliance with all that is required by the spirit of the act of Assembly.

*Nov. 1.* BURNSIDE, J.—The real estate of Daniel McVey having been sold by the sheriff, and the money brought into court for distribution, it was referred to an auditor, who reported the state of the liens. Exceptions were filed to the report.

1st. That the amicable revival and consolidation of the judgments of Henry Welty are not sufficient, under the act of 1827, to continue the liens of the judgments consolidated. There were other minor exceptions that have not been urged in this court, and are of little moment. The Common Pleas overruled the exceptions. Reed and Foster, who had judgments entered against McVey before the amicable revival and consolidation of Welty's judgments, and after their original entry, appealed.

The act of the 4th April, 1798, 3 Smith's Laws, 331, (Stroud's Purd. 660,) allowed no judgment to continue a lien longer than five years, unless the person obtaining the judgment, or their legal representatives or other person interested, shall, within the term of five years, sue out a *scire facias* to revive it. A judgment not revived by *scire facias* within five years from the first return-day of the term to which it was entered, ceased to be a lien on the real estate of the defendant, as well against subsequent judgment creditors as against subsequent purchasers: 3 Binn. 342. A supplement to the act of 1798 was passed the 26th March, 1827, Stroud's Purd. 661, which modified the original act as to the issuing of the *scire facias* in all cases; allowing the lien to be continued by agreement of the parties, filed in writing and entered on the proper docket or by *scire facias*. This latter act was passed in this particular, to sanction and legalize a practice of amicable revival which had become common in order to save costs. This court has held that the docket entry of an amicable *scire facias* answers to continue the lien of a judgment: 17 Serg. & Rawle, 123; 1 Penna. Rep.

64; or a written acknowledgment entered on the docket that it is in full force: 2 Rawle, 229. An amicable *scire facias* must be separately docketed: 1 Watts & Serg. 299.

But it is contended the judgments could not be legally revived by consolidation. Welty had more than thirty judgments duly entered and docketed against McVey; some of them were in the names of other persons for his use. In the paper of amicable revival, the judgments were fully stated, and a full entry made of this amicable *scire facias* to revive the judgments so stated in the list for the whole amount, setting it out at length, referring to the calculation filed; some of these revivals were signed by both parties, and others only signed by McVey, the defendant. It is further objected, that when McVey only signed some, it is not an agreement of the parties within the act of 1827. Welty obtained the signature of the defendant to his amicable revival in all the cases; the object is stated to continue the lien of the judgment, and the judgments are specially referred to in the paper filed, as well as in the entry on the docket: it is an agreement within the act of 1827. Amicable revivals generally have only the signature of the defendant.

Decree affirmed.