## Lamb's Appeal.

1. The Act of April 4th 1877, authorizing an appeal from a refusal to open a judgment entered by warrant of attorney, or on a note on which judgment is confessed, does not apply to a judgment which has been revived by agreement of the parties. The act was intended to apply to a judgment remaining unchanged by subsequent judicial proceedings, and where the defendant never had his day in court, not to a judgment ratified and confirmed by revival, with a full knowledge of the original consideration.

2. A judgment of revival entered by agreement of the parties in an amicable scire facias, is not a judgment entered by virtue of a warrant of attorney and from a refusal to open it, no appeal lies.

3. Walter v. Breisch, 5 Norris 457, distinguished.

March 13th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Appeal from the Court of Common Pleas of *Bradford county*: Of January Term 1879. No. 159.

Appeal of Harrison Lamb from the order of the court refusing to open a judgment on the ground of usury.

On November 9th 1864, Lamb gave to J. P. Kirby his promissory note for $510.30, wherein was a confession of judgment for that amount and a waiver of inquisition and exemption. Judgment was entered thereon to December term 1866. This judgment was revived by amicable scire facias on January 4th 1870, and it was agreed therein that it was revived for $510.30. It was again revived by amicable scire facias to February term 1875, when it was again agreed that $510.30 were due thereon with interest from January 9th 1874. Execution having issued on this judgment in 1876, the defendant took a rule to show cause why the original judgment and the series of revivals should not be opened and the defendant let into a defence. Depositions were taken in support of the rule, whereby it appeared that in November 1864, Lamb borrowed of Kirby $500, and gave his note to him for $510, for one year, with the understanding that he was to have the money for a series of years at the rate of ten per cent. per annum; that at the end of the first year he paid $51 interest and took up the old note, giving in lieu thereof the note in question for $510, on which judgment was entered in 1866, and that he continued to pay $51 interest per annum until 1876. On May 20th 1876, Lamb paid $215.53 and all costs, which sum he alleged, with those heretofore paid and deducting the usurious interest, paid the judgment in full with legal interest.

The court, Morrow, P. J., discharged the rule in an opinion saying:

"The law as applied in the case of Pomeroy v. McClelland, 25 P. F. Smith 410, controls this case. The defendant has had his day in court. The judgments were not revived until the liens were about to

[Lamb's Appeal..]

expire. The agreements to revive were in good faith and with a full knowledge on the part of the defendant of all the facts and circumstances of the case. He did not avail himself of his rights under the Act of 28th May 1858, and cannot now ask us to do for him, what he had the time, right and opportunity to do for himself. But he has had no day in court as to the usury included in the notes, and unless the plaintiff will remit $20.10 on No. 104, February Term 1875, and $8 on No. 103, February Term 1875, the judgment must be opened as to such excess. If these sums are remitted, rule discharged."

The plaintiff having remitted these amounts, the defendant took this appeal and assigned the discharge of the rule for error.

*W. H. Thompson* and *Williams & Angle*, for appellant.—The Act of April 4th 1877, Pamph. L. 53, Purd. Dig. 2115, gives us the right to this appeal. And apart from this act the courts have power over judgments by confession or warrant of attorney and they can open, control and do justice in the same. Usury is the sum of all reasons for granting relief to an injured party.

The original taint of usury, attaches to all consecutive securities growing out of the original transaction, and none of them however remote can be free from it if the descent can be traced. Campbell *v.* Sloan, 12 P. F. Smith 481 ; Overholt *v.* Bank, 1 Norris 490.

The distinction between the note and the amicable scire facias as made by the court is wholly impracticable. Can there be any difference in principle as applicable to a note containing usury, wherein judgment is confessed, and in an agreement to revive judgment, and renew a lien, also containing usury ? Walter *v.* Breisch, 5 Norris 457, rules this case.

*Edward Overton, Jr., N. C. Elsbree* and *John F. Sanderson*, for appellee.—An appeal does not lie in this case. The Act of 1877 applies only to those cases where courts refused to open judgments entered by warrant of attorney or on judgment notes.

This appeal is taken from the refusal of the court to open two successive judgments, each entered upon an amicable scire facias, or, in other words from the refusal of the court to open judgments entered in amicable actions. It is plain that a judgment entered in an amicable action, is not entered by virtue of a warrant of attorney or judgment note : Cook *v.* Gilbert, 8 S. & R. 567.

The rule as to the estoppel of a judgment is one of strict law. This rule lies at the foundation of our jurisprudence, and needs no citation of authority in support of it. Its application to the case of a judgment upon an amicable scire facias is undoubted. There is no difference in legal effect between a judgment confessed, or for want of an appearance or plea, and a judgment on the verdict of a jury : Hopkins *v.* West, 2 Norris 109.

Mr, Justice MERCUR delivered the opinion of the court, May 7th 1879.

This is an appeal from a decision of the court refusing to open a series of judgments on the ground of usury. The original judgment was entered to December Term 1866. It was first revived by amicable scire facias to February Term 1870, and again in like manner to February Term 1875.

Prior to the Act of 4th April 1877, it was well settled that the question of opening a judgment rested in the discretion of the court in which it was rendered. No appeal from its action would lie to this court; nor could we review it on writ of error, unless the opening in the particular case was in excess of the power of the court: Catlin v. Robinson, 2 Watts 373. A refusal to open is simply a refusal to disturb the judgment, and is not the exercise of an illegal power : Henry v. Brothers, 12 Wright 70 ; McClelland v. Pomeroy, 25 P. F. Smith 410. It is claimed by the counsel for the appellant that the right of appeal is given by said Act of 4th April. This act declares that "in all cases of application made to any court of this Commonwealth to have any judgment, which has been entered by virtue of a warrant of attorney or on judgment note opened and defendant or defendants let into a defence, the party or parties aggrieved by the decision of the court thereon, may have the same reviewed in the Supreme Court by appeal, in like manner and proceedings as equity cases are now appealed." Thus this act authorizes an appeal only in case the judgment has been entered by virtue of a warrant of attorney, or by virtue of a note in which judgment is confessed, under the 28th section of the Act of 24th February 1806: 1 Purd. Dig. 825, pl. 32. In either case the judgment is entered without notice to the defendant, and without his having any opportunity of being heard.

A judgment of revival, entered by agreement of parties, called an amicable scire facias, is not entered by virtue of a warrant of attorney authorizing any person to appear and confess judgment nor upon a judgment note. It is a power or authority to the prothonotary to enter judgment, but no warrant to confess it. As was well said by Mr. Chief Justice TILGHMAN, in Cook v. Gilbert, 8 S. & R. 568, in speaking of the power under which the prothonotary acted, "it is a mistake to call this a warrant of attorney." It is a confession of judgment by the party defendant himself, without substituting any person to confess it for him.

From a refusal to open either of the revived judgments, it is very clear the Act of Assembly gives no appeal. The remaining question is whether the refusal to open the original judgment after the revivals comes within the true meaning of the act ?

Judgment of revival on a writ of scire facias post annum et diem not only continues a former lien, but may also create a new one on lands not before bound thereby. It has all the conclusive

effect of an original judgment in determining the amount due: Irwin *v.* Nixon, 1 Jones 426. For many purposes, it has an effect separate from the original. Thus the reversal of a judgment entered on a scire facias does *not* affect the original judgment, yet a reversal of the original judgment is a reversal of the revived one which was based upon it: Ranck et al. *v.* Becker, 12 S. & R. 426.

As a judgment is the end of the law in settling a controversy, there is no reason why one of revival on the agreement of the parties shall not be as conclusive as one taken on a writ of scire facias, regularly issued, unless impeached for fraud. As was said by the present Chief Justice in Hopkins *v.* West, 2 Norris 109, "had the judgment confessed by the plaintiff below, in favor of the defendants, been an adversary judgment upon the verdict of a jury, it cannot be questioned but that it would have been conclusive as between the parties, even though it should manifestly appear that it included usurious interest. There is no difference in legal effect between a judgment confessed, or for want of an appearance or plea, and a judgment on the verdict of a jury." It is true this case recognises the power of a court to open a judgment in a proper case; but the power is not the question which we are now considering. The question is, whether an appeal lies for refusing to exercise that power. That case was one of usury, and the opinion proceeds to say "no substantial difference can be shown between this and any other illegality entering into its consideration."

It is well settled that the mere payment of interest in excess of six per cent. since the Act of 28th May 1858, is not necessarily fraudulent even as to creditors: Good *v.* Grant, 26 P. F. Smith 52; Bank *v.* Roseberry, 31 Id. 309; Appeal of Second National Bank of Titusville, 4 Norris 528. Sections 1 and 3 of the Act of 26th March 1827, Purd. Dig. 820, pl. 5 and 6, expressly authorize judgments to be revived by agreement of the parties, and give to such revived judgment the same effect for all purposes of lien as if taken on a writ of scire facias sued out. The courts have favored the practice of reviving judgments in this manner, by giving full effect to the agreement. Hence a judgment confessed in an amicable scire facias upon a supposed former judgment, which did not legally exist, was held valid against encumbrances, and all others claiming under the defendant by title subsequent to the confession : Ramsay *v.* Linn, 2 Rawle 229. So a revival by agreement of the parties is valid, although several original judgments are therein consolidated, and one judgment entered for the amount due on all: Reed's Appeal, 7 Barr 65.

The statute which authorizes an appeal, as in equity, on the refusal of a court to open a judgment entered by virtue of a warrant of attorney or on a judgment note, manifestly intended a judgment remaining in that form unchanged by subsequent judicial proceedings. It applied to a case in which the defendant never

[Lamb's Appeal.]

had his day in court.  It was not intended to disturb a judgment ratified and confirmed by sucessive revivals, with a full knowledge of the original consideration.  A party may be estopped in equity as well as at law.  It would be a strange application of equitable principles to hold, that no appeal will lie for a refusal to open the revived judgments, yet that it will to a refusal to open the original judgment on which the later judgments rest.

We must not lose sight of the fact, that the Act of the 4th of April 1877, makes no special reference to usury.  It is general in its terms, and we must therefore consider it in its application to all cases in which the equitable powers of the court are invoked under the act.

The case of Walter v. Breisch, 5 Norris 457, is not in conflict with the conclusion we have reached.  It is true that was a case in which a judgment had once been revived, and the court on proof of the payment of interest at the rate of 36 per cent. per annum, did open the original judgment.  We affirmed the discretionary power of the court so to do.  Without any aid from the Act of 4th April 1877, we could have held that we would not review the action of the court at that stage of the proceeding, and have affirmed it.  Peoples' Fire Insurance Co. v. Hartshorne et al., 3 Norris 453.  The present case presents no such gross imposition.  The court required the appellee to remit so much of the interest as it thought had been improperly taken.  Whether it reached the true amount or gave a correct reason therefor we will not now consider.  We merely decide that it exercised a discretion, which under all the facts and circumstances, the statute in question does not authorize us to review.

Order discharging the rule affirmed, and appeal quashed.