# CASES

IN

# THE SUPREME COURT

OF

## PENNSYLVANIA.

Andie Kerr, Jr., Appt., *v.* John P. Wonderlich et al., Exrs. of William D. Wonderlich, Deceased, for Use of Charles Berg.

A judgment entered by confession after appearance in an amicable action of debt is not within the letter or the spirit of the act of April 4, 1877, providing for the opening of judgments "entered by virtue of a warrant of attorney, or on a judgment note."

The refusal to open such a judgment is an act of judicial discretion which the supreme court will not review.

(Argued May 6, 1887. Decided May 23, 1887.)

January Term, 1887, No. 365, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Appeal from a decision of the Common Pleas of Cumberland County discharging a rule to show cause why a judgment should not be opened and the defendant let into a defense to the amount of $2,000 against said judgment. Appeal quashed.

This was a judgment entered in an amicable action of debt November 2, 1881, by W. D. Wonderlich, against Andie Kerr, Jr., upon the following instrument in writing:

W. D. Wonderlich ⎫   In the Court of Common Pleas of Cum-
      *v.*     ⎬  berland County.
Andie Kerr, Jr. ⎭   No. ——, November Term, 1881.

Real debt, $3,864. Interest from April 1, 1882, at five per cent per annum.

Amicable action of debt and confession of judgment given by the defendant to secure to the plaintiff the payment of a balance of purchase money on a farm conveyed by plaintiff to defendant. Deed delivered the same date herewith. Farm in Middlesex township, containing 117 acres and 144 perches.

I, Andie Kerr, Jr., the defendant in the above-stated amicable action of debt, hereby appear to the same, and, waiving all writs, confess judgment to W. D. Wonderlich, the plaintiff in the same, for the sum of three thousand eight hundred and sixty-four dollars, with interest at five per cent, costs of suit, release of all errors and stay of execution, until April 1, 1887, on the principal sum, the interest to be paid annually on April 1 of each year.

Witness my hand and seal this 2d day of November, A. D. 1881.

                               Andie Kerr.    [Seal.]

Witness: F. E. Beltzhoover.


This rule was granted on the defendant's petition, March 18, 1885.

The petition of Andie Kerr represents that on September 20, 1881, he purchased a farm from W. D. Wonderlich for the consideration of $18,864, and that on October 15, following, the same was conveyed to him by the vendor by deed of general warranty, and that he gave his judgment for $3,864 which was entered in the court of common pleas, to No. 190 of November 7, 1881; that subsequently to taking said conveyance he learned that, although the line dividing his land from that of Jonas Albright is the center of the Letort spring, yet the line fence separating the farms was wholly on the north side of land of said spring and upon the land conveyed to him by said Wonderlich; that said Albright has the right to come upon the said north side of the spring, on his land, to repair his portion of the said line fence; and this provision about the location and repair of said fence was reserved in the deed from Albright to Wonderlich for a parcel of the land conveyed by the latter to Kerr. The

petitioner avers that he suffers damage thereby, especially as it cuts off access from his farm to the spring; that there is a lane running across the farm from north to south, a distance of about 100 perches, which said vendor stated positively to him was for the sole use of the petitioner, and could be closed or otherwise as he, the petitioner, saw proper; that since the taking of the said farm he has tried several times to close said lane, so as to prevent the using and miscellaneous passage of wagons, carts, stock, etc., but finds that he cannot close it against Jacob Albright, who has certain rights therein which are encumbrances upon the land bought by him; that he is damaged to the extent of at least $1,000 by each of these encumbrances, and he desires that these amounts may be set off against and credited upon said purchase-money judgment, and that to this end the said judgment be opened and he let into a defense.

Answer was made by the respondents, that W. D. Wonderlich was dead (they are his executors), that the judgment had been transferred to Charles Berg on January 29, 1884, and that they believe that the allegations complained of as to misrepresentation and concealment are unfounded in fact; that petitioner was fully acquainted with the facts in regard to said lane and fence; that no damage was done to him, and that the transfer to Charles Berg, aforesaid, was without guaranty as to payment.

The opinion in the court below by SADLER, P. J., on discharging the rule after referring to the evidence proceeded as follows:

Both of the encumbrances complained of by the petitioner are such as affect only the physical condition of the property. They are visible to the eye, and a different rule prevails as to them from that which controls when encumbrances are of the kind that affect the title. Memmert v. McKeen, 112 Pa. 315, 4 Atl. 542.

The line fence between the land of Wonderlich and Albright was observable to Kerr at the time of the sale. He saw it when the land was surveyed and took the farm, therefore, with a full knowledge of this encumbrance of which he now complains. When he found that the whole of the line fence was on the north side of the spring, it became evident that Albright's portion could not be repaired without he (Albright) could take materials there for that purpose. No testimony has been submitted which

shows that misrepresentation was made to him in reference to this matter.

The matter insisted upon with more earnestness is with reference to the lane. It was also open to view, and "it is to be presumed that the grantee bought with notice of it; that it was in contemplation of the parties, and that the price was fixed with reference thereto."

This would be undoubtedly so and would be controlled by the decision rendered in Patterson v. Arthurs, 9 Watts, 152, unless a deceit was practised upon Kerr which induced him to pay a larger price for the property than he would have otherwise done.

In order to support an action for deceit for false and fraudulent representations, the plaintiff must show that the representations were untrue; were known to the defendant to be untrue; were calculated to induce him to act; and did induce him to act accordingly. Cox v. Highley, 100 Pa. 249.

It must be affirmatively shown that the fraudulent representations came to the plaintiff's knowledge, and induced him to give the credit which resulted in the loss. One fact cannot be presumed from another which is itself but an inference. McAleer v. McMurray, 58 Pa. 126.

Fraud and falsehood on one side and damage on the other must concur to sustain the action. Addington v. Allen, 11 Wend. 404.

Again; Wonderlich is dead. The judgment was entered more than five years ago. Although Kerr had a difficulty with Albright about the lane in the spring of 1883, he sought no relief until March 18, 1884. In the meantime the judgment had passed into the hands of another for a valuable consideration and without any guaranty. It is also to be observed that none of the witnesses testify that Kerr suffers any damage by Albright's right to pass over the lane.

We are of the opinion on the whole case that Kerr is not entitled to the relief prayed for.

And now, to wit, November 4, 1886, the rule is discharged at the costs of the petitioner.

The assignments of error specified the action of the court: (1) In discharging the rule; (2) in refusing to open the judgment; and (3) in making the above order (quoting it).

*F. E. Beltzhoover* and *M. C. Herman,* for appellant.—The detention of purchase money, on account of breaches of the vendor's covenant, is a mode of defense peculiar to Pennsylvania jurisprudence; and the principle is well settled that when a vendor has conveyed land with covenants on which he would be liable to the vendee in damages for defect of title, the vendee may detain purchase money to the extent to which he would be entitled to recover damages upon the covenant. The covenant of warranty binds the grantor to defend the possession against every claimant of it by right, and is consequently a covenant against rightful evictions; and a private right of way, of the existence of which a purchaser has no actual notice, but only that constructive notice with which an unsearched registry affects him, is an encumbrance within the covenant, and after it has led to eviction is necessarily a breach of the covenant of warranty—for a covenant of warranty, after eviction, stands on the same ground as those other covenants which are broken as soon as made; and the covenantee having the right to claim damages for the breach, his appropriate place to have them assessed is in the suit for purchase money. Wilson v. Cochran, 46 Pa. 229.

Here was a lane running over the farm sold to Kerr from the turnpike, its northern boundary, to the Letort spring, its southern boundary.

The testimony on the subject shows as plainly as anything can that Wonderlich announced publicly and positively to the assembled bidders at the sale that the lane was for the exclusive use of the farm, and that none of the neighbors or adjoining owners had any right of way over it. To Kerr and others, after receiving this assurance, it was the same as if no lane was visible on the ground. The fact of its existence was qualified by the vendor so as to make it appear as the sole and exclusive property of the farm, without any right at all in anyone else respecting it.

. But, says the learned court below, the petition of Kerr for relief "represents that he was misinformed by the vendor as to the lane; but he does not aver that he was influenced thereby to purchase the land. Without such being the case his prayer should not be granted." It is respectfully submitted that it was unnecessary for the petitioner to so aver. The ground for relief set forth in the petition is a breach of the warranty. The false information given by the vendor so qualified the appearances

on the land as to utterly efface all evidence of the existence of any right of way as belonging to any other than the owner of the farm. Kerr therefore had not only no actual notice of Jonas Albright's right of way, but was assured by the vendor that no such right existed. It was therefore an encumbrance within the covenant. Wilson v. Cochran, 46 Pa. 229; Peck v. Jones, 70 Pa. 83; Roland v. Miller, 3 Watts & S. 390.

Then the right reserved by Jacob Albright to set and maintain his part of the line fence on Kerr's side of the spring is another serious encumbrance upon the land, which was not made known to Kerr at the time he purchased and was unknown to him at the time he accepted the conveyance. Wonderlich had been requested by Kerr to point out the boundary lines; and he did so, accurately at this point, the line running along the center of the spring; but the fact that Albright had the right to maintain his fence on Kerr's side of the spring was not disclosed by Wonderlich. True, the reservation was written in the deed of Albright to John Wonderlich; and this appeared in the muniments of the title. Yet it was in fact unknown to Kerr. No reference to it appears in the deed to him.

This we contend is also within the covenant of warranty, and the vendee is entitled to have deducted from the purchase money his damages for the breach. Kerr was overreached by being led by Wonderlich to believe that the vendee of the land would be entitled to occupy the premises up to the center of this spring; and so believing he accepted the conveyance. This was a misapprehension of a material fact, induced by the misrepresentations of the vendor; it was a fraud upon the vendee, of which he may take advantage as a defense to the payment of the purchase money. Stubbs v. King, 14 Serg. & R. 206.

*Hepburn, Jr., & Stuart,* for appellees.—This appeal should be quashed; because it is an appeal from the discretion of the court below and is not authorized by any statute.

The judgment is not one which has been entered by virtue of a warrant of attorney, or on a judgment note; therefore, it is not within the act of April 4, 1877 (Purdon's Digest, 704, § 12), and the refusal of the court cannot be reviewed.

The law as it was prior to April 4, 1877, is still in force as to this judgment.

The opening of a judgment is a matter of discretion, and

generally cannot be reviewed on a writ of error, unless when the opening of a judgment, in the particular case, is in excess of power. The refusal to open a judgment is simply to do nothing, to stand still, and is not a transgression of power. Henry v. Brothers, 48 Pa. 70; McClelland v. Pomeroy, 75 Pa. 412.

An amicable action in debt, with appearance by defendant and confession of judgment, is not analogous to a warrant of attorney, or within the spirit of the act of 1877.

Warrants appear often on covenants and agreements, as penalty for default, or security for performance. Very often, they are signed ignorantly, or without a proper understanding by the parties to be bound; and are entered without notice to defendants.

An amicable action necessarily imports a debt fixed and clearly defined, for which the plaintiff has a right to demand, and insist upon having, security — as, in this case, the remainder of purchase money due. It is as conclusive as a judgment obtained adversely, and stands on the same footing. The very form of it is notice that it will be entered; for it is of no use unless entered.

A judgment entered on a warrant of attorney is not within the provisions of the act of June 16, 1836, allowing stay of execution on judgments in amicable actions. Slone v. King, 35 Pa. 270.

The act of 1877 did not mean to give a right of appeal in every case where judgment was entered by consent of the defendant, or of the parties, nor in every case where the defendant appears and confesses judgment.

This act authorizes an appeal only in case the judgment has been entered by virtue of a warrant of attorney, or by virtue of a note in which judgment is confessed, under § 28 of the act of February 24, 1806. In either case the judgment is entered without notice to the defendant, and without his having an opportunity to be heard. Lamb's Appeal, 89 Pa. 409.

The petition of Kerr, the defendant in the judgment, does not disclose any encumbrance affecting the title to the land.

It does not aver any fraud on the part of Wonderlich, which induced the defendant to purchase.

There is no evidence of encumbrance and eviction, and none of fraud or deceit.

It is plain that the petition was drawn under the belief that

the covenant of general warranty covered visible easements on the ground. The mere existence of the easements was relied upon to justify a retention of purchase money. Wilson v. Cochran, 46 Pa. 229, does not support the position for which it is cited, and, besides, it was the opinion of this court, delivered in 1862, before all the facts of the case were known, and in which certain principles of law were declared which seemed to have been ignored by the court below; but when the case came back in 1864 it was distinctly stated (48 Pa. 112, 86 Am. Dec. 574), that "if Wilson bought with Shultz's road open before his eyes, and the necessary inference is that he intended to buy subject to the easement, the mere enjoyment of the road by Shultz is not and cannot be eviction of Wilson."

In Memmert v. McKeen, 112 Pa. 315, 4 Atl. 542, the difference between the two kinds of encumbrances is clearly stated by Justice PAXSON; and of this kind he says: "Where there is a servitude imposed upon the land which is visible to the eye, and which affects, not the title, but the physical condition of the property, a different rule prevails. Thus it was held in Patterson v. Arthurs, 9 Watts, 152, that where the owner had covenanted to convey certain lots free of all encumbrances, a public road, which occupied a portion of such lots, was not an encumbrance within the meaning of the covenant. This is not because of any right acquired by the public, but by reason of the fact that the road, although admittedly an encumbrance, and possibly an injury to the property, was there when the purchaser bought, and he is presumed to have had knowledge of it. In such and similar cases there is the further presumption that if the encumbrance is really an injury, such injury was in the contemplation of the parties, and that the price was regulated accordingly."

It is admitted that the lane and fence were visible; and they plainly indicated the uses for which they were intended.

Therefore there was no encumbrance, nor eviction to support an action on the warranty in the deed; and, on that ground, Kerr could not defalk the unpaid purchase money.

There is but one other ground on which a court of equity would interfere, or on which a court would open the judgment, that is: on the ground of deceit.

A court would not interfere, on this ground, to open a judgment, unless the defendant should show satisfactory evidence

of fraud, or deception by the plaintiff, which induced the making of the contract, or giving of the judgment. Snell, Eq. 383, 385, 386.

The evidence offered by defendant was very meager at best. It was weighed and passed upon by the court below; and its refusal to open the judgment was in the exercise of a sound discretion, which this court will not review, even under the act of April 4, 1877. Earley's Appeal, 90 Pa. 321; Hickernell's Appeal, 90 Pa. 328; Wernet's Appeal, 91 Pa. 319.

PER CURIAM:

The judgment sought to be opened in this case is not within the letter or spirit of the act of April 4, 1877. Lamb's Appeal, 89 Pa. 407.

The record shows the entry of an amicable action, and the appearance of the defendant in the said amicable action, and the confession of judgment in favor of the plaintiff for a sum specified. The refusal to open such a judgment is an act of judicial discretion which we will not review. McClelland v. Pomeroy, 75 Pa. 412.

Appeal quashed.