## JOSEPH GASKILL v. EBEN CRAWFORD ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS OF ARMSTRONG COUNTY.

Argued October 17, 1889—Decided October 28, 1889.

Neither appeal nor writ of error will lie to the refusal of the court below to open a judgment regularly entered upon the verdict of a jury: Lamb's App., 89 Pa. 407.

Before STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 237 October Term 1889, Sup. Ct.; court below, No. 132 September Term 1885, C. P.

On July 13, 1883, an action in assumpsit was brought by Joseph Gaskill and Harry Miller, trading as Gaskill & Miller, for use of Joseph Gaskill, against Eben Crawford and others, trading as E. Crawford & Co., to recover a balance due upon an account. Issue. On December 15, 1886, a trial of the cause was had, when the jury returned a verdict in favor of

plaintiff for $292.50.   On June 6, 1887, a rule for a new trial
was argued, and discharged, and on June 7th, judgment was
entered on the verdict.

On September 27, 1887, the defendants presented a petition
praying, upon the facts therein set forth, and " in consequence
of the fraud practiced upon the court and the defendants by
the plaintiff, and the suppression and concealment of material
facts by the plaintiff, as aforestated, and also because of the
after discovered evidence, that the judgment entered in the
case be opened and the verdict set aside."   Rule granted.

No answer to the foregoing petition was filed, but after argu-
ment upon testimony taken and filed by the defendants, the
court, NEALE, P. J., on October 25, 1888, filed the following
opinion :

The record shows that the suit was brought to September
Term 1883, and the narr and statement of claim filed August
29, 1884.   The trial did not take place until December, 1886,
two years after the filing of the narr.

The plaintiff, at the trial, gave evidence to support his claim ;
and the defendants seemed to rely in a great measure upon one
Miller, who had been a former partner of the plaintiff.   The
manner and the language of the witness on the stand, certainly
indicated a hostile spirit towards the plaintiff ; and the reluc-
tance of the plaintiff's counsel to examine him in the plaintiff's
behalf, was strongly persuasive that he was regarded by the
plaintiff as wholly unfavorable to him.   At the trial, the best
efforts of counsel on both sides was exerted to draw the verdict
of the jury to the side of their respective clients.

The action involving only questions of fact, it was peculiarly
a case entirely in the province of the jury to determine ; and,
whilst the facts might well have justified a verdict for the de-
fendants, yet it cannot be said that they would not and did not
justify the verdict as rendered in favor of the plaintiff.

The verdict was rendered December 16, 1886, and on Decem-
ber 20, 1886, within the time prescribed by the rules of the
court, the defendants filed reasons and moved the court for a
new trial ; these reasons were afterwards supplemented by ad-
ditional reasons filed on January 22, 1887.   The argument of
the motion was then held over at the instance of counsel till

May 11, 1887, when it was argued, and after careful consideration of all the grounds and evidence presented, the court, on June 6, 1887, the second term after the trial, discharged the rule in an opinion filed. On June 7, 1887, the plaintiff took judgment upon the verdict.

On June 13, 1887, the defendants, under misapprehension that judgment had been taken, renewed their motion for a new trial; in other words, asked for a rehearing upon the former motion. This motion remained until September 7, 1887, the third term after the verdict, and a full term after the entry of the judgment, when it was also discharged, the defendants' counsel acquiescing. Then on September 26, 1887, a new petition of the defendants was presented to the court asking for the opening of the judgment and that the verdict be set aside; whereupon the rule now under consideration was granted.

The parties have taken considerable testimony, and if we were now to pronounce upon the weight of it we would not hesitate in saying that it preponderates in favor of the defendants. How it might be, if the witnesses were to be presented in court, and subjected to the scrutiny and diversified views of a jury, we cannot determine.

The argument of the counsel for the defendants is largely predicated of alleged fraud on the part of the plaintiff in the procurement of the verdict, by misstatement of fact and the concealment of fact. The testimony, it is true, shows that the plaintiff is contradicted in material matters by the testimony of other witnesses, but it remains yet a question of fact whether or not his testimony was true and the testimony of the witnesses now produced incorrect: Mead v. Conroe, 113 Pa. 226. Fraud must be clearly proved.

In the present case, the application to set aside the verdict is made at the third term after the verdict was rendered. Two full years after the narr had been filed, were afforded the defendants to prepare for trial. The further opportunity of supporting the original motion continued until May, 1887, some five months, and in all that time it was not deemed by the court that such facts were presented as would warrant the court interfering with the verdict.

If we observe the rules of court, requiring the motion to be filed within four days, the present motion must at once be dis-

missed. But we do not overlook the authorities cited by the defendants' counsel that sustain a liberal exercise of the power of the courts over judgments. In the main, however, these authorities apply to judgments upon defaults and warrants to confess. But we find that even in cases of verdicts, a generous exercise of discretion is committed to the courts and sanctioned: Stephens v. Stephens, 1 Phila. 108; Cochran v. Eldridge, 49 Pa. 365; Kalbach v. Fisher, 1 R. 323.

On the other hand, the rulings of the Supreme Court are not wanting in prescribing a limit to this exercise of the discretionary power, especially in the cases where there have been trials by jury: Martin v. Marvine, 1 Phila. 280; 1 Tr. & H. Pr., §§ 742-3-4, and cases there cited; Stephens v. Cowan, 6 W. 513; Conrad v. Insurance Co., 81* Pa. 66; King v. Brooks, 72 Pa. 364, and cases there cited; Syracuse etc. Oil Co. v. Carothers, 63 Pa. 379, a case which has many of the features of the one under consideration, and as a coincidence, the counsel now for this defendant was then concerned in the support of the stringency of the rule. The last case we refer to is that of Lance v. Bonnell, 105 Pa. 46, which we think determines the limit of such power to be exercised by the court.

The rule is therefore discharged and new trial refused.

Thereupon the defendants took this appeal, assigning as error, the discharge of the rule granted upon the defendants' petition.

On the argument at the Bar, the plaintiff filed a motion to quash the appeal.

*Mr. A. Blakeley* (with him *Mr. A. M. Blakeley*), for the appellants.

Counsel cited: Kalbach v. Fisher, 1 R. 322; Stephens v. Stephens, 1 Phila. 108; Knox v. Flack, 22 Pa. 337; Cochran v. Eldridge, 49 Pa. 365; Dorney v. Mertz, 8 Phila. 553; Ball v. Nicholson, 1 Pears. 285; Hambleton v. Yocum, 108 Pa. 304.

*Mr. Joseph Buffington* and *Mr. Orr Buffington*, for the appellee were not heard.

The brief filed cited, (1) upon the motion to quash: Gump's App., 65 Pa. 476; White v. Leeds, 51 Pa. 187; McClelland v.

Pomeroy, 75 Pa. 410; Lamb's App., 89 Pa. 407. (2) That the motion to open the judgment was made too late : Syracuse etc. Oil Co. v. Carothers, 63 Pa. 379 ; King v. Brooks, 72 Pa. 364.

PER CURIAM:

Inspection of the record shows that in 1884 an action of assumpsit was brought by appellee against appellants. The cause was tried by jury in December, 1886, and a verdict for $292.20 rendered in favor of the plaintiffs. Judgment on the verdict was regularly entered June 7, 1887. On the 27th of September following, appellants, who were defendants below, obtained a rule to show cause " why the judgment should not be opened, verdict set aside," etc. The action of the court below in discharging that rule is the only subject of complaint on this appeal.

It is unnecessary to enter upon a consideration of the alleged merits of the complaint, for the reason that neither an appeal nor a writ of error lies to the refusal of the court below to open such a judgment as that now before us. It is well settled that the opening of such a judgment rests in the discretion of the court in which it was rendered: Lamb's App., 89 Pa. 407–409, and cases there cited. Appellants have no standing here.

Appeal quashed.